JS-6

1

2

3

4

5

6

7

8             **UNITED STATES DISTRICT COURT**

9             **CENTRAL DISTRICT OF CALIFORNIA**

10

| | |
|---|---|
| 11  LUIS LICEA, an individual residing in California, | Case No. 5:21-CV-00062-JGB-(KKx) |
| 12                             Plaintiff, | **ORDER** |
| 13       vs. | Complaint Filed:   January 13, 2021 |
| 14  TAUNTON, INC., a Connecticut corporation, | |
| 15 | |
| 16                             Defendant. | |

17

18

19

20

21

22

23

24

25

26

27

28

124201597

The Court, having considered the Stipulation for Entry of Consent Judgment ("Stipulation") by Plaintiff Luis Licea ("Plaintiff") and Defendant Taunton, Inc. ("Defendant") (together, the "Parties"), and good cause appearing, ORDERS AS FOLLOWS:

1.     Judgment is entered in the form of the Consent Judgment attached as **Exhibit 1** to the Parties' Stipulation.

2.     The Court shall retain jurisdiction to interpret and enforce this Consent Judgment until the Expiration Date.

3.     Plaintiff's Complaint is dismissed with prejudice.


DATED:  February 2, 2021

By: _____
Hon. Jesus G. Bernal
United States District Judge

# EXHIBIT 1

PACIFIC TRIAL ATTORNEYS
Scott J. Ferrell (SBN 202091)
sferrell@pacifictrialattorneys.com
Victoria C. Knowles (SBN 277231)
vknowles@pacifictrialattorneys.com
4100 Newport Place, Suite 800
Newport Beach, CA 92660
Tel.:  949.706.6464
Fax:  949.706.6469

Attorneys for Plaintiff
LUIS LICEA

BLANK ROME LLP
Ana Tagvoryan (SBN 246536)
atagvoryan@blankrome.com
Harrison Brown (SBN 291503)
hbrown@blankrome.com
2029 Century Park East | 6th Floor
Los Angeles, CA 90067
Telephone:  424.239.3400
Facsimile:  424.239.3434

Attorneys for Defendant
TAUNTON, INC.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LUIS LICEA, an individual residing in California,<br><br>                    Plaintiff,<br><br>        vs.<br><br>TAUNTON, INC., a Connecticut corporation,<br><br>                    Defendant. | Case No. 5:21-cv-00062-JGB-KK<br><br>**CONSENT JUDGMENT**<br><br>Complaint Filed:   January 13, 2021 |

124201444

## I.    CONSENT JUDGMENT.

1.    This Consent Judgment is entered into as of the Effective Date, as defined below, by and between the following parties: Plaintiff Luis Licea ("Plaintiff") and Defendant Taunton, Inc. ("Defendant"), and its subsidiaries.    Plaintiff and Defendant shall hereinafter be collectively referred to as the "Parties" for the purposes and on the terms specified herein.

## II.    RECITALS.

2.    Title III of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. §§ 12181 *et seq.* ("ADA") and its implementing regulation, 28 C.F.R. part 36, and California's Unruh Civil Rights Act, Cal. Civ. Code § 51 *et seq.* ("Unruh") generally prohibit discrimination on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, and accommodations.

3.    Defendant and certain of its subsidiaries, divisions and affiliates operate certain websites which are available through the internet, including:

- www.finewoodworking.com
- www.finehomebuilding.com
- www.finegardening.com
- www.threadsmagazine.com
- www.greenbuildingadvisor.com
- www.tauntonstore.com
- www.taunton.com
- www.tauntonworkshops.com
- www.keepcraftalive.org
- www.finewoodworkinglive.com

(individually, a "Website"; together, the "Websites"), corresponding mobile versions and mobile applications (individually, a "Mobile App"; collectively, the "Mobile Apps").

4.    On January 13, 2021, Plaintiff filed a lawsuit in the United States District Court for the Central District of California, entitled *Luis Licea v. Taunton, Inc.*, No. 5:21-cv-00062-JGB-KK (the "Action") alleging that the Websites are not fully accessible to individuals with disabilities in violation of the ADA and Unruh.

5.      Defendant denies Plaintiff's allegations and, by entering into this Consent Judgment, does not admit liability to any of the allegations in Plaintiff's Complaint. The Parties enter into this Consent Judgment for the purpose of resolving this lawsuit without the need for protracted litigation, and without the admission of any liability.

6.      To avoid the costs, expense, and uncertainty of protracted litigation, the Parties agree to resolve all claims raised in the Complaint.  Accordingly, the Parties agree to the entry of this Consent Judgment without trial or further adjudication of any issues of fact or law concerning Plaintiff's claims for injunctive relief or damages.

7.      This Consent Judgment shall be a full, complete, and final disposition and settlement of Plaintiff's claims against Defendant for injunctive relief that has arisen out of the subject Complaint.  The Parties agree that there has been no admission or finding of liability or violation of the ADA, Unruh, and/or any other state or federal civil rights laws, and this Consent Judgment should not be construed as such.

## III.   JURISDICTION.

8.      Plaintiff alleges that Defendant and its subsidiaries, divisions and affiliates are private entities that own and/or operate the Websites, any sub-domain of the Websites, and/or the Mobile Apps, which are each available through the internet to personal computers, laptops, mobile devices, tablets, and other similar technology. Plaintiff contends that the Websites, any sub-domain of the Websites, and/or the Mobile Apps are services, privileges, or advantages of Defendants' and its subsidiaries', divisions' and affiliates', thus rendering them public accommodations subject the ADA and business establishments subject to Unruh.  Defendant denies that the Websites, any sub-domain of the Websites, and/or the Mobile Apps are subject to the ADA or Unruh.

9.      This Court has jurisdiction over this action under 28 U.S.C. § 1331, and 42 U.S.C. § 12188.  Solely for purposes of the Action and this Consent Judgment, the

Parties agree that venue is appropriate.  Defendant reserves the right to challenge venue for any other purpose.

**IV.  AGREED RESOLUTION.**

10.  Plaintiff and Defendant agree that it is in the Parties' best interests to resolve the Action on mutually agreeable terms without further litigation. Accordingly, the Parties agree to the entry of this Consent Judgment without trial or further adjudication of any issues of fact or law raised in Plaintiff's Complaint.  In resolution of this action, the Parties hereby AGREE to the following:

**V.  DEFINITIONS.**

11.  "Effective Date" means the date on which this Consent Judgment is entered on the Court's Docket Sheet following approval by the Court.

12.  "Reasonable Efforts" means, with respect to a given goal or obligation, the efforts that a reasonable person or entity in Defendant's position would use to achieve that goal or obligation.  Any disagreement by the Parties as to whether Defendant has used Reasonable Efforts as provided for under this Consent Judgment shall be subject to the dispute resolution procedures set forth below in this Consent Judgment.  Reasonable Efforts shall be interpreted so as to not require Defendant to undertake efforts whose cost, difficulty or impact on Defendant's Websites, any sub-domain of the Websites, and/or the Mobile Apps could constitute an undue burden or expense, but as applied solely to Defendant's Websites, any sub-domain of the Websites, and/or the Mobile Apps, or which could result in a fundamental alteration in the manner in which Defendant operates its Websites, any sub-domain of its Websites, and/or its Mobile Apps, or the primary functions related thereto, or which could result in a significant loss of revenue or traffic on its operations related to the Websites, any sub-domain of the Websites, and/or the Mobile Apps.

**VI.  TERM.**

13.  The term of this Consent Judgment shall commence as of the Effective Date and remain in effect for the latter of: (1) twenty-four (24) months from the

124201444                                    4
**CONSENT JUDGMENT**

Effective Date; or (2) the date, if any, that the regulations are adopted in the Department of Justice's for websites and/or mobile apps under Title III of the ADA.

**VII.    GENERAL NON-DISCRIMINATION REQUIREMENT.**

14.    Pursuant to the terms of this Consent Judgment, Defendant:

a. Shall not deny persons with a disability (as defined under the ADA), including Plaintiff, the opportunity to participate in and benefit from the goods, services, privileges, advantages, and accommodations through the Websites, any sub-domain of the Websites, and/or the Mobile Apps;

b. Shall use Reasonable Efforts to provide persons with a disability (as defined under the ADA and/or Unruh), including the Plaintiff, an equal opportunity to participate in or benefit from the goods, services, privileges, advantages, and accommodations provided through the Websites, any sub-domain of the Websites, and/or the Mobile Apps; and

c. Shall use Reasonable Efforts to ensure that persons with a disability (as defined under the ADA and/or Unruh), including the Plaintiff, are not excluded, denied services, segregated, or otherwise unable to transact business because of the absence of auxiliary aids and services, through the Websites, any sub-domain of the Websites, and/or the Mobile Apps.

**VIII.   COMPLIANCE MEASURES.**

15.    Web Accessibility Conformance Timeline:   Defendant shall ensure consumers equal enjoyment of the goods, services, privileges, advantages, and accommodations provided by and through the Websites, any sub-domain of the Websites, and/or the Mobile Apps, and any successor websites or mobile apps, according to the following timeline and requirements provided that the following dates will be extended in the instance that the Department of Justice releases

regulations for websites under Title III of the ADA while this Consent Judgment is in effect and which contain compliance dates and/or deadlines further in the future than the dates set forth herein:

    a.   Within twenty-four (24) months of the Effective Date, Defendant shall ensure that the Websites, any sub-domain of the Websites, and/or the Mobile Apps substantially conform to the Web Content Accessibility Guidelines 2.1 Level A and AA Success Criteria ("WCAG 2.1 AA") in such a manner so that the Websites, any sub-domain of the Websites, and/or the Mobile Apps will be accessible to persons with disabilities as set forth below. Should Congress, the Department of Justice, or the United States Supreme Court issue a ruling or final regulation (as applicable) adopting a legal standard for website or mobile app accessibility that is different from the WCAG 2.1 AA, Defendant shall have twenty-four (24) months from the date of that ruling or final regulation to comply with the different website or mobile app accessibility standard.

    b.   Defendant shall not be responsible for ensuring that third party content or plug-ins that are not owned by Defendant, but are otherwise located on the Websites, any sub-domain of the Websites, and/or the Mobile Apps or linked to from any of the Websites, any sub-domain of the Websites, and/or the Mobile Apps, are accessible or otherwise conform to WCAG 2.1 AA (or, the different standard if a different standard is adopted).

    c.   If Defendant determines at any time during the twenty-four (24) month period beginning on the Effective Date that it no longer needs or desires to continue operating the Websites, any sub-domain of the Websites, and/or the Mobile Apps, and to shut

**CONSENT JUDGMENT**

down or otherwise discontinue the use of any of the Websites, any sub-domain of the Websites, and/or the Mobile Apps, it may do so without violating this Consent Judgment.

## IX.   SPECIFIC RELIEF TO PLAINTIFF.

16.   Plaintiff and Defendant have agreed to settle all matters relating to costs, damages, attorneys' fees, experts' fees, other financial matters, relating to any alleged inaccessibility of the Websites, any sub-domain of the Websites, and/or the Mobile Apps through a separate, confidential agreement (the "Settlement Agreement").  The Settlement Agreement shall be provided to the Court *in camera* for inspection and review if the Court so requires in order to extend its enforcement jurisdiction over the terms of the Settlement Agreement.

## X.    DISPUTE RESOLUTION.

17.   The procedures set forth in the following Paragraphs must be exhausted in the event that Plaintiff, or any other person to whose benefit this Agreement is intended to inure in accordance with Section 28 herein (*see below*), alleges that Defendant has failed to meet its obligations pursuant to this Consent Judgment.  There will be no breach of this Consent Judgment by Defendant in connection with such allegations until the following procedures have been exhausted.

18.   If a party believes that the other party hereto has not complied in all material respects with any provision of the Consent Judgment, that party shall provide the other party with written notice of non-compliance containing the following information: (i) the alleged act of non-compliance; (ii) a reference to the specific provision(s) of the Consent Judgment that is not being complied with in all material respects; (iii) a statement of the remedial action sought by the initiating party; and (iv) a reasonably detailed statement of the specific facts, circumstances and legal argument supporting the position of the initiating party.  The party will notify Defendant in writing after the dates for compliance set forth herein if the party believes that the Website (including but not limited to mobile versions of the Website), and/or the

**CONSENT JUDGMENT**

Mobile Apps is in any way not compliant with this Consent Judgment. All notifications must include reasonable detail and shall be made in the manner set forth below.

19.     Within thirty (30) days of receiving notice of non-compliance, the other party will respond in writing to the notice. Within thirty (30) days of receipt of the response, each party will meet by telephone, or in person, in an attempt to informally resolve the issue.

20.     If the issue remains unresolved within thirty (30) days of the telephonic or in-person meeting, the parties will each have an additional thirty (30) days to reach an amicable resolution of the dispute before seeking court enforcement.

21.     There will be no breach of this Consent Judgment unless Defendant fails to remedy the issue using Reasonable Efforts within a reasonable period of time of not less than ninety (90) days of a party initiating these dispute resolution procedures. If a reasonable time using Reasonable Efforts to remedy the items alleged not to be usable is longer than ninety (90) days, then the parties may agree on a longer time period.

22.     Any of the time periods set forth in this section may be extended by mutual agreement of the parties (without reference to Section 24) and/or by order of the Court.

23.     Any notice or communication required or permitted to be given to the parties hereunder shall be given in writing by email and by overnight express mail or United States first class mail, addressed as follows:

PACIFIC TRIAL ATTORNEYS
Scott J. Ferrell
sferrell@pacifictrialattorneys.com
Victoria C. Knowles
VKnowles@pacifictrialattorneys.com
4100 Newport Place, Suite 800
Newport Beach, CA 92660
Tel.:  949.706.6464
Fax:   949.706.6469

*Attorneys for Plaintiff*

BLANK ROME LLP
Ana Tagvoryan
ATagvoryan@BlankRome.com
Harrison Brown
HBrown@BlankRome.com
2029 Century Park East, 6th Floor
Los Angeles, CA 90067
Tel.:  424.239.3400
Fax:   424.239.3434

*Attorneys for Defendant*

## XI.   MODIFICATION.

24.   Except as otherwise provided herein, no modification of this Consent Judgment shall be effective unless in writing and signed by authorized representatives of all Parties, and approved of by the Court.

## XII.   ENFORCEMENT AND OTHER PROVISIONS.

25.   This Consent Judgment contains the entire agreement of Plaintiff and Defendant concerning the subject matter described herein, other than the terms of the Settlement Agreement, and no other statement, promise, or agreement, either written or oral, made by any party or agent of any party, that is not contained in this Consent Judgment, and concerns the subject matter described herein, shall be enforceable, other than the Settlement Agreement.

26.   If any provision of this Consent Judgment is determined to be invalid, unenforceable, or otherwise contrary to applicable law, such provision shall be deemed restated to reflect as nearly as possible and to the fullest extent permitted by applicable law its original intent and shall not, in any event, affect any other provisions, all of which shall remain valid and enforceable to the fullest extent permitted by applicable law.

## XIII.   PERSONS BOUND AND INTENDED THIRD PARTY BENEFICIARIES.

27.   The Parties to this Consent Judgment expressly intend and agree that this Consent Judgment shall inure to the benefit of all persons with a disability as defined by the ADA and/or Unruh, indicating those who utilize a screen reader to access the Websites, any sub-domain of the Websites, and/or the Mobile Apps, which disabled persons shall constitute third-party beneficiaries to this Consent Judgment.

28.   The signatories represent that they have the authority to bind the respective parties, Plaintiff and Defendant to this Consent Judgment.

## XIV.   RETENTION OF JURISDICTION.

This Court shall have continuing jurisdiction to interpret and enforce this Consent Judgment until the Expiration Date.

*Signatures on Next Page*

DATED:  January 11 , 2021

By: _____
　　　Luis Licea

DATED:  January ___, 2021

By: _____
　　　Renee Jordan
President and Chief Executive Officer
TAUNTON, INC.

Approved as to form:

DATED:  January 11 , 2021　　　PACIFIC TRIAL ATTORNEYS

By: _____
　　　Scott J. Ferrell
　　　Victoria C. Knowles
Attorney for Licea

DATED:  January ___, 2021　　　BLANK ROME LLP

By: _____
　　　Ana Tagvoryan
　　　Harrison Brown
Attorneys for Taunton

1  DATED:  January___, 2021

2

3                                    By:_____
                                          Luis Licea
4

5  DATED:  January___, 2021

6          1/12/2021 | 11:10 AM MST   By:_____
                                          Renee Jordan
7                                         9EB47C974EA14CA
                                          Renee Jordan
8                                         President and Chief Executive Officer
                                          TAUNTON, INC.

9  Approved as to form:

10  DATED:  January___, 2021         PACIFIC TRIAL ATTORNEYS

11

12                                   By:_____
                                          Scott J. Ferrell
13                                        Victoria C. Knowles
                                          Attorney for Licea
14

15  DATED:  January 13, 2021         BLANK ROME LLP

16                                   By: Harrison M. Brown
                                     _____
17                                        Ana Tagvoryan
                                          Harrison Brown
18                                        Attorneys for Taunton

19

20

21

22

23

24

25

26

27

28

124201444                              11

**CONSENT JUDGMENT**